UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | |
| v. | JUDGE |
| TYLER BOSSETTI, | INFORMATION |
| Defendant. | 18 U.S.C. § 1343 |
| | 26 U.S.C. § 7206(2) |
| | FORFEITURE |

FILED
RICHARD W. NAGEL
CLERK OF COURT

APR 22 2025 10:51 A

**THE UNITED STATES ATTORNEY CHARGES:**

### BACKGROUND

At times material to this Information:

1. The defendant, **TYLER BOSSETTI**, resided in the Southern District of Ohio.

2. **BOSSETTI** owned and operated Boss Lifestyle LLC, an Ohio entity headquartered and operated in the Southern District of Ohio.

### COUNT 1
### (Wire Fraud, 18 U.S.C. § 1343)

3. Between on or about September 2019 and June 2023, in the Southern District of Ohio and elsewhere, the defendant, **TYLER BOSSETTI**, with intent to defraud, devised, intended to devise, and knowingly participated in a scheme to defraud and to deprive another of money and property by materially false and fraudulent pretenses, representations, and promises; that is, **BOSSETTI** operated a fraudulent real estate investment scheme.

### The Scheme

**BOSSETTI's** scheme to defraud included the following:

4.  **BOSSETTI** solicited short-term real estate investments, promising extraordinarily high returns—frequently 30% or more—which were to arise from purchasing, rehabbing, refinancing, and ultimately renting or selling residential properties.

5.  **BOSSETTI** advertised his investment scheme widely, using social media and third-party companies who referred investors to him.

6.  **BOSSETTI** gave investors promissory notes that falsely claimed investments were risk-free and secured by real estate owned by **BOSSETTI**.

7.  When making solicitations and executing promissory notes, **BOSSETTI** knew that he would not use the investment funds for the purported business and that profits from the purported business could not cover the obligations he was taking on in the promissory notes.

8.  **BOSSETTI** spent investment funds in unauthorized ways, including on personal expenses such as luxury housing and vehicles. He also used the funds on unauthorized cryptocurrency investments, many of which resulted in large losses.

9.  **BOSSETTI** paid old investors not with business income, but with investment funds from new investors.

10. In total, **BOSSETTI** received more than $20 million from investors, and investors ultimately lost at least $11,263,504.43.

### Wire in Furtherance of the Scheme

11. On or about June 15, 2022, in the Southern District of Ohio, for the purpose of executing the scheme described above, and attempting to do so, the defendant, **TYLER BOSSETTI**, caused to be transmitted signals and sounds by means of wire communication in interstate commerce; that is, he caused an investor to send an investment in the form of an interstate wire transfer of $900,000 via the Fedwire Funds Service to his bank account.

**In violation of 18 U.S.C. § 1343.**

## COUNT 2
### (Aiding in the Filing of a False or Fraudulent Document, 26 U.S.C. § 7206(2))

12. On or about April 3, 2023, in the Southern District of Ohio and elsewhere, the defendant, **TYLER BOSSETTI**, willfully aided and assisted in, and procured, counseled, and advised the preparation and presentation to the Internal Revenue Service of an Interest Income, Form 1099-INT for Taxpayer 1 for calendar year 2022, which was false and fraudulent as to a material matter. In Box 1, that form reported interest income of $4,500 for Taxpayer 1, whereas, as **BOSSETTI** knew, Taxpayer 1 never earned interest income, and the fraudulent Form 1099-INT was intended to perpetuate and conceal **BOSSETTI's** ongoing fraud scheme.

In violation of 26 U.S.C. § 7206(2).

## FORFEITURE

13. The allegations of this Information are incorporated herein for the purpose of alleging forfeiture to the United States of America.

14. Upon conviction of Count 1 of this Information, the defendant, **TYLER BOSSETTI**, shall forfeit to the United States any property, real or personal, constituting or derived from proceeds traceable to the offense, in violation of 18 U.S.C. § 1343, in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

**Forfeiture notice in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

KELLY A. NORRIS
ACTING UNITED STATES ATTORNEY

*David J. Twombly*
**DAVID J. TWOMBLY (0092558)**
**Assistant United States Attorney**